**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 09-20160-CIV-KING**

ALAN KAUFMAN,
Individually and d/b/a Center for Asthma & Allergy of Bronx and Westchester,

Plaintiff,

v.

SWIRE PACIFIC HOLDINGS, INC.,
a Delaware corporation,

Defendant.
_______________________________________/

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Summary Judgment as to Count III (DE #115), filed July 7, 2011. The Court is fully briefed in the matter.[1] The above-styled action asserts various claims to recover two deposits that Plaintiff Alan Kaufman ("Kaufman") placed in escrow with the escrow agent of Defendant Swire Pacific Holdings, Inc. ("Swire") in accordance with two residential condominium purchase agreements. After careful consideration of the evidence on record and for the reasons detailed below, the Court finds summary judgment as to Count III should be granted in favor of Plaintiff.

---

[1] Defendant filed a Response on August 5, 2011 (DE #124), to which Plaintiff replied on August 11, 2011 (DE #126). This matter is therefore ripe for determination.

## I. BACKGROUND

Plaintiff filed the above-styled action against Defendant in the Circuit Court of the 11th Judicial Circuit for Miami-Dade County, and it was removed to this Court on June 23, 2008. Plaintiff filed an Amended Complaint on January 28, 2009 (DE #3). Plaintiff's Amended Complaint alleges that, on February 11, 2005, he entered into two identical pre-construction Purchase and Sale Agreements ("the Agreements") with Defendant for the sale of two condominium units (Am. Compl. ¶ 11). The Agreement for Unit 1605 had a purchase price of $925,000.00 with an escrow deposit of $185,000.00 (Am. Compl. ¶ 11). The Agreement for Unit 1905 had a purchase price of $940,000.00 with an escrow deposit of $188,000.00. (Am. Compl. ¶ 11). Plaintiff deposited a total of $373,000.00 into escrow for the purchase of the Units, and the deposits remain with Defendant to date. (Am. Compl. ¶ 14).

Plaintiff alleged that Defendant's sales materials, which were given to Plaintiff prior to executing the Agreements, included material misrepresentations as to the Units (Am. Compl. ¶¶ 29, 43). Based on the alleged misrepresentations and adverse amendment Plaintiff's Amended Complaint alleged it is entitled to (a) recover two escrow deposits totaling $373,000 which were placed in escrow with Defendant's agent in accordance with two residential condominium purchase agreements entered into on or about February 11, 2005; (b) collect damages under Chapter 501 of the Florida Statues; (c) rescind the Agreements under Florida Statutes §§ 718.506, 718.503 and 720.401; (d)

collect damages and/or rescind the Agreements based on fraud in the inducement; and (e) obtain equitable relief, including without limitation, common law rescission.

Plaintiff's Amended Complaint asserts five (5) counts against Defendants. On June 24, 2009, the Court entered an Order Granting Defendant's Motion to Dismiss Count III and V of Plaintiff's Amended Complaint (DE #23) with prejudice. On October 15, 2009, Defendant filed its Motion for Summary Judgment (DE #50) on the remaining three counts. Likewise, Plaintiff filed its Motion for Summary Judgment (DE #48) on Count I and IV.

On December 18, 2009, this Court entered an Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendant's Motion for Summary Judgment (DE #66). On appeal, the Court of Appeals for the Eleventh Circuit vacated the judgment and remanded the case, finding that the record presents genuine issues of material fact unsuitable for resolution at the summary judgment stage. (Mandate, DE #114, at 2). The Eleventh Circuit concluded that both parties on remand should be given adequate opportunity to depose each other's experts before trial, and each party's experts should be allowed to testify at trial. *Id.* at 3.

After obtaining leave from the Court, Plaintiff filed a Second Amended Complaint (DE #105). The Second Amended Complaint, which asserts five (5) counts, added a new cause of action as Count III. Count III is an action to void the Agreements under Florida Statute § 718.202 and seeks the return of the escrow deposits. Plaintiff alleges that

Defendant failed to comply with Florida Statute § 718.202, which governs sales or reservation deposits for condominiums. On July 7, 2011, Plaintiff moved for summary judgment as to Count III only. (DE #115).

## II.   LEGAL STANDARD

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it is may determine the outcome under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen*, 121 F.3d at 646. If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party must show specific facts to support that there is a genuine dispute. *Id.*.

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991)

(holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact."). When the nonmoving party fails to sufficiently prove an essential element of its case, all other facts are rendered "immaterial." *Celotex*, 477 U.S. at 322-23. On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson*, 477 U.S. at 255. However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

## III. DISCUSSION

Count III of the Second Amended Complaint seeks to void the Agreements and to return the escrow deposits pursuant to F.S. § 718.202. F.S. § 718.202 provides, in relevant part:

> "(1) If a developer contracts to sell a condominium parcel and the construction, furnishing, and landscaping of the property submitted or proposed to be submitted to condominium ownership has not been substantially completed in accordance with the plans and specifications and representations made by the developer in the disclosures required by this chapter, the developer shall pay into an escrow account all payments up to 10 percent of the sale price received by the developer from the buyer towards the sale price. The escrow agent shall give to the purchaser a receipt for the deposit, upon request. In lieu of the foregoing, the division director has the discretion to accept other assurances, including, but not limited to, a surety bond or an irrevocable letter of credit in an amount equal to the escrow requirements of this section. Default determinations and refund of

deposits shall be governed by the escrow release provision of this subsection. Funds shall be released from escrow as follows:

* * *

(2) All payments which are in excess of the 10 percent of the sale price described in subsection (1) and which have been received prior to completion of construction by the developer from the buyer on a contract for purchase of a condominium parcel shall be held in a special escrow account established as provided in subsection (1) and controlled by an escrow agent and may not be used by the developer prior to closing the transaction, except as provided in subsection (3) or except for refund to the buyer. If the money remains in this special account for more than 3 months and earns interest, the interest shall be paid as provided in subsection (1).

(3) If the contract for sale of the condominium unit so provides, the developer may withdraw escrow funds in excess of 10 percent of the purchase price from the special account required by subsection (2) when the construction of improvements has begun. He or she may use the funds in the actual construction and development of the condominium property in which the unit to be sold is located....

* * *

(4) The failure to comply with the provisions of this section renders the contract voidable by the buyer, and, if voided, all sums deposited or advanced under the contract shall be refunded with interest at the highest rate then being paid on savings accounts, excluding certificates of deposit, by savings and loan associations in the area in which the condominium property is located."

Plaintiff argues that pursuant to F.S. § 718.202, Swire was required to establish two separate escrow accounts for the $373,000.00 deposit, which was 20 percent of the purchase price for the two units. According to Plaintiff, Swire was required to set up one escrow account to hold the funds representing the first 10 percent of the purchase price, and the second "special" escrow account to hold any deposit above 10 percent of the

purchase price. (DE #115, at 6). Swire's failure to establish the two discrete accounts, Plaintiff contends, renders the contact voidable by Plaintiff. *Id.* at 5. It is undisputed that Swire established only one escrow account to hold all of Plaintiff's escrow deposits. Thus, Plaintiff argues that he is entitled to rescission of the Agreements and the return of his escrow deposits.

The Florida legislature, however, added subsection 11 to F.S. § 718.202 in 2010. Subsection 11 states:

> "All funds deposited into escrow pursuant to subsection (1) or subsection (2) may be held in one or more escrow accounts by the escrow agent. If only one escrow account is used, the escrow agent must maintain separate accounting records for each purchaser and for amounts separately covered under subsections (1) and (2) and, if applicable, released to the developer pursuant to subsection (3). Separate accounting by the escrow agent of the escrow funds constitutes compliance with this section even if the funds are held by the escrow agent in a single escrow account. It is the intent of this subsection to clarify existing law."

The 2010 amendment would foreclose Plaintiff's argument that the language of F.S. § 718.202 requires the establishment of two separate escrow accounts. Plaintiff, however, argues that giving retroactive application to F.S. § 718.202(11) would be unconstitutional and would allow Swire to apply F.S. § 718.202(11) in the instant case to erase escrow violations that occurred before the enactment of F.S. § 718.202(11). (DE #115, at 8–9). *See Old Port Cove Holdings, Inc. v. Old Port Cove Condo. Ass'n One*, 986 So.2d 1279, 1284 (Fla. 2008) (holding "[i]n absence of clear legislative intent to the contrary, a law is presumed to operate prospectively.").

Plaintiff argues that *Double AA International Investment Group, Inc. vs. Swire Pacific Holdings, Inc.*, 674 F. Supp. 2d 1344 (S.D. Fla. 2009), provides the precedent on which this Court should base its Order and grant Plaintiff the relief sought. *Double AA* involved the same condominium project, the same defendant, and the same escrow agent as are involved in the above-styled action. The Court in *Double AA* stated, "[t]his is a case of first impression. There are no reported decisions by Florida state or federal courts as to whether a failure to establish two separate escrow accounts when deposits are above 10 percent of the purchase price violates section 718.202 so as to render the contract voidable." *Double AA*, 674 F. Supp. 2d at 1348. In *Double AA,* the Court ruled that defendant Swire's failure to establish two separate escrow accounts rendered the contacts voidable by the purchasers. *Id.* at 1350. In concluding that Swire violated F.S. §718.202, Judge Altonaga stated the following:

> "Considering the plain language of the statute, giving meaning to each word as written, and avoiding an interpretation that would render portions of the statute surplusage, the only reasonable conclusion is that the statute requires a developer to establish two separate escrow accounts if a buyer deposits more than 10 percent of the purchase price. Given that requirement, and given the express language of section 718.202(5), Swire's failure to establish two separate escrow accounts for Plaintiffs' deposit violated the statute, and rendered the Purchase and Sale Agreement voidable by the Plaintiffs." *Id.*

Swire appealed the district court's decision in *Double AA.* The Eleventh Circuit affirmed the decision in part, holding that the district court did not err in finding that developer had failed to provide separate accounting, as required under Florida law, such

that the purchase agreement was voidable. *Double AA International Investment Group, Inc. vs. Swire Pacific Holdings, Inc.*, 637 F.3d 1169, 1171 (11th Cir. 2011). The Eleventh Circuit, however, declined to reach the issues regarding the statutory construction of F.S. § 718.202 or the new amendment to F.S. § 718.202. *Id.*

After Plaintiff's Motion for Summary Judgment had been fully briefed, the Florida Third District Court of Appeals decided Case No. 3D10-2230, 3D10-2231, *CRC 603, LLC, et al. v. North Carillon, LLC*, 2011 WL 3916151 (Fla. 3d Dist. Ct. App. Sept. 7, 2011). Plaintiff filed a Notice of Supplemental Authority (DE #129) on September 7, 2011, to which no response was filed. The question of law presented in *North Carillon* is the same as in *Double AA* and in the present action: "Whether a developer may use a single escrow account (versus two separate accounts) for '10 percent' buyer deposits under section 718.202(1) and 'in excess of the ten percent' buyer deposits under section 718.202(2)." *North Carillon*, 2011 WL 3916151 at *2.

In *North Carillon*, the Florida Third District Court of Appeals reviewed the legal sufficiency of claims that a condominium developer and its escrow agent violated F.S. § 718.202 regarding pre-closing deposits of the buyer.[2] The Court in *North Carillon* found that *Double AA* was dispositive of the issue, "notwithstanding a 2010 statutory

---

[2]The Court notes the similar action taken between Kaufman and the buyers in *North Carillon* after the opinion in *Double AA* was issued: the plaintiff(s) in each case amended their complaint following *Double AA* to add a count to void the purchase contracts for failing to utilize two separate escrow accounts for the "10 percent" and "in excess of the 10 percent" components of the plaintiffs' deposits. *See CRC 603, LLC, et al. v. North Carillon, LLC*, 2011 WL 3916151 at *2; (DE #129).

amendment intended to 'clarify' the escrow requirements." *Id.* at *1. The Florida Third District Court of Appeals concluded that *Double AA* was "a correct statement of the law regarding the 'special' and separate, second escrow account requirement at the time it was issued." *Id.* at *2. The *North Carillon* court found that the buyers' allegations were legally sufficient to state a violation of the statutory requirement and thus void the purchase contracts. *Id.* Furthermore, the Court rejected retroactive application of the 2010 amendment, concluding "that (1) the Legislature expressed an intention that the 2010 amendment be applied retroactively, but (2) retroactive application must be rejected as it impairs a vested contractual right. Article I, section 10, of the Florida Constitution prohibits retroactive application under such a circumstance." *Id.* at *4.

In sum, the Third District Court of Appeals rejected the retroactive application of the 2010 amendment and upheld *Double AA's* finding that two separate accounts are required for escrow deposits under F.S. § 718.202. The *North Carillon* opinion is the only state appellate decision interpreting F.S. § 718.202 dealing with the two separate escrow accounts issue and the 2010 amendment. Thus, it becomes Florida law on the subject. This Court adopts the reasoning and holding of *North Carillon.*

Therefore, Defendant is incorrect in contending that Florida law did not require Swire's escrow agent to establish two separate accounts to hold Kaufman's deposits. According to the terms of F.S. § 718.202, Swire's failure to maintain separate accounts for Plaintiff's escrow deposits renders the Agreement voidable and requires return of the

escrow deposits. There is no genuine issue as to any material fact related to Plaintiff's claim under F.S. § 718.202.

Defendant, however, makes several other arguments as to why Plaintiff's claims should fail: 1) The four-year statute of limitations bars Plaintiff's claims; 2) Plaintiff committed the first breach by failing to close on the units and by misrepresenting his intention to close on Unit 1605; and 3) Plaintiff suffered no prejudice from the alleged escrow account violations of Swire. The Court will address each of these arguments in turn.

First, Defendant argues that Plaintiff waited too long to bring his F.S. § 718.202 claims. Florida law provides a plaintiff with four years to bring an action founded on a statutory liability. Fla. Stat. § 95.11(3)(f). Defendant argues that the statute of limitations began to run at the very latest, on October 21, 2005 for Unit 1605 and on December 20, 2005 for Unit 1905.[3] Thus, Defendant contends that Plaintiff had until October 21, 2009 to bring his claim concerning Unit 1605 and until December 20, 2009 to bring his claim concerning Unit 1905. (DE #124, at 3). Defendant also argues that Plaintiff's F.S. § 718.202 claim does not relate back to the original complaint, as escrow mismanagement differs from allegations that Swire misrepresented the square footage of

---

[3]Those dates represent the days that the second 10% of Plaintiff's deposits were used for construction of the condominium. (Def.'s Counterstatement, DE #123, ¶¶ 22, 25). Defendant argues that the alleged mishandling of Plaintiff's escrow deposits, as the last element of the cause of action, triggered the statute of limitations. (DE #124, at 4).

his apartments, failed to disclose a master association and improperly decreased Plaintiff's percentage ownership in Asia's common elements. (DE #124, at 6).

By granting Plaintiff leave to amend the complaint to add a F.S. § 718.202 claim, the Court rejected the untimeliness argument raised by Defendant in its Response to Plaintiff's Motion to Amend (DE #102). *See* (DE #104). Furthermore, Plaintiff's F.S. § 718.202 claim does relate back to the original complaint. Under Florida law, a claim relates back to the filing of the original complaint "[w]hen the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." FL. R. CIV. P. 1.190(c). The Federal Rules of Civil Procedure also provide that relation back is permitted if the amended pleading "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B). Plaintiff's claim under F.S. §718.202 clearly arises out of the same conduct, transaction, or occurrence as the original pleading because it (i) involves the same contracts and the same property, (ii) seeks rescission under the same statutory scheme (Chapter 718 of the Florida Statutes), (iii) involves the same parties and escrow agent, and (iv) prays for rescission and return of the same escrow deposits at issue in the original pleading. Thus, even if this Court accepts the dates offered by Defendant for when the statute of limitations began to run, Plaintiff's claim is timely.

Next, Defendant argues that Plaintiff cannot rescind the Agreements, because Plaintiff committed the first breach by failing to close on the units and by misrepresenting his intention to close on Unit 1605.[4] (DE #124, at 2). Defendant contends that Plaintiff defaulted on his contract for Unit 1605 on December 10, 2008 and on his contract for Unit 1905 on December 5, 2008 — the dates that Plaintiff failed to close on the Units. Plaintiff, however, had first attempted to rescind the Agreements prior to those dates by sending Swire a letter on November 7, 2008 seeking rescission of the Agreements and return of the deposit monies. Additionally, Swire breached the contract more than three years previously, as Swire violated F.S. §718.202 on June 13, 2005, when it failed to set up a second escrow account to hold the second 10 percent of each deposit. Therefore, Defendant's argument that Plaintiff committed the first breach fails.

Finally, Swire argues that Kaufman cannot bring a F.S. § 718.202 claim, because he did not allege that he was prejudiced by the alleged escrow account violations. The plain language of F.S. § 718.202(5) does not require any showing of prejudice. Furthermore, Judge Altonaga rejected this argument in *Double AA International Investment Group, Inc. vs. Swire Pacific Holdings, Inc.,* Case No. 08-23444-CIV, 2010 WL 1258086 at *21 (S.D. Fla. Mar. 30, 2010) (noting "to accept [the theory that a buyer must allege prejudice] would produce an absurd result and ignore the very design of the

---

[4] Under contract law, a material breach of a contract allows the non-breaching party to treat the breach as a discharge of his contract liability. *Bradley v. Health Coalition, Inc.*, 687 So. 2d. 329, 333 (Fla. 3d Dist. Ct. App. 1997).

statute."). Thus, Plaintiff was not required to allege prejudice to bring a claim under F.S. § 718.202.

## IV. CONCLUSION

Therefore, there are no genuine issues of material fact regarding Count III of Plaintiff's Second Amended Complaint. Defendant's failure to hold Plaintiff's escrow deposits in two separate accounts renders the contract voidable and compels return of the escrow deposits under F.S. § 718.202.

Upon careful review of the record and the Court being otherwise fully advised, it is hereby **ORDERED, ADJUDGED, and DECREED** that Plaintiff's Motion for Summary Judgment as to Count III **(DE #115)** be, and the same is, hereby **GRANTED.** Plaintiff's counsel is directed to **FILE** a proposed order of Final Judgment in accordance with the terms of this Order within **ten (10) days.**

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 27th day of December, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc: All counsel of record**